FILED
**United States Court of Appeals**
**Tenth Circuit**

**February 12, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

GARY L. GAINES,

        Plaintiff-Appellant,

v.

CHARLES PEARSON; UNITED
STATES MARSHAL'S SERVICE;
MUSKOGEE COUNTY DETENTION
CENTER, Staff; ATTORNEY
GENERAL OF UNITED STATES;
STATE OF OKLAHOMA; FEDERAL
BUREAU OF PRISONS; U.S.
ATTORNEY, EASTERN DISTRICT OF
OKLAHOMA; MUSKOGEE COUNTY,

        Defendants-Appellees.

No. 12-7027
(D.C. No. 6:09-CV-00190-JHP-SPS)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON** and **BALDOCK**, Circuit Judges, and **BRORBY**, Senior Circuit
Judge.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Plaintiff, a federal prisoner appearing pro se, appeals from the dismissal of his 42 U.S.C. § 1983 prisoner civil-rights complaint. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Plaintiff brought his claims against federal and state officials claiming his rights were violated when, after he was temporarily transferred to a county jail, he was denied his medications for two days, which allegedly resulted in a heart attack. In separate orders, the district court: (1) dismissed the claims against Defendant Muskogee County pursuant to Fed. R. Civ. P. 12(b)(6) on the ground that the county was not properly named and is immune from state law tort claims; (2) dismissed Defendant State of Oklahoma pursuant to Fed. R. Civ. P. 12(b)(1) based on Eleventh Amendment immunity; (3) dismissed the Federal Tort Claims Act ("FTCA") claim against the federal defendants[1] because they are not proper parties; (4) dismissed the *Bivens*[2] claim against the federal defendants because Plaintiff failed to show personal participation; (5) dismissed the § 1983 claim against the federal defendants because Plaintiff failed to allege any federal defendant deprived him of his constitutional rights; and (6) granted summary judgment in favor of Defendant Charles Pearson, the sheriff at Muskogee County Detention Center, on Plaintiff's Eighth Amendment and

---

[1]    The federal defendants include the United States Marshals Service, the Attorney General of the United States, the Federal Bureau of Prisons, and the United States Attorney's Office.

[2] *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

§ 1983 claims after finding Defendant Pearson did not act with deliberate indifference to a serious medical need, Plaintiff failed to exhaust his administrative remedies, and Plaintiff failed to establish any violation of his constitutional rights. Plaintiff appeals.

We review a district court's dismissal of a § 1983 complaint for failure to state a claim de novo. *See Riddle v. Mondragon*, 83 F.3d 1197, 1201 (10th Cir. 1996). We review a district court's Rule 12(b)(1) dismissal for lack of jurisdiction based on Eleventh Amendment immunity de novo. *See Elephant Butte Irrigation Dist. of N.M. v. Dep't of Interior*, 160 F.3d 602, 607 (10th Cir. 1998). Further, we review a district court's grant of summary judgment de novo, applying the same legal standards as the district court. *Stover v. Martinez*, 382 F.3d 1064, 1070 (10th Cir. 2004). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In applying this standard, we view the evidence and the reasonable inferences to be drawn from the evidence in the light most favorable to the nonmoving party. *Stover*, 382 F.3d at 1070. And finally, "[w]e review de novo the district court's finding of failure to exhaust administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002).

We have thoroughly reviewed the record and agree with the district court's orders dismissing all Defendants. As for Muskogee County, Plaintiff failed to properly name Muskogee County according to the statutory requirements of Okla.

Stat. tit. 19, § 4. Further, the county is immune from any state law tort claims. *See Medina v. State*, 871 P.2d 1379, 1383 (Okla. 1993).

The district court properly dismissed the State of Oklahoma. It is well established that "the Eleventh Amendment precludes a federal court from assessing damages against state officials sued in their official capacities because such suits are in essence suits against the state." *Hunt v. Bennett*, 17 F.3d 1263, 1267 (10th Cir. 1994).

The court lacked subject matter jurisdiction over Plaintiff's FTCA claim against the federal defendants. The United States is the only proper defendant in a federal tort claims action, *see Oxendine v. Kaplan*, 241 F.3d 1272, 1275 n.4 (10th Cir. 2001), and Plaintiff has not named the United States. Further, Plaintiff failed to state an actionable *Bivens* claim. A "*Bivens* claim[] cannot be asserted directly against either the United States or federal officials in their official capacities or against federal agencies," *Smith v. United States*, 561 F.3d 1090, 1093 (10th Cir. 2009), and must allege the personal participation of each defendant, *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). Plaintiff's claim fails on both accounts. As for Plaintiff's § 1983 claim against the federal defendants, Plaintiff failed to identify any individual within the federal agencies who allegedly deprived him of his constitutional rights, and thus his claim fails. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996).

Finally, Plaintiff's Eighth Amendment claims against Defendant Pearson fail because Plaintiff failed to show substantial harm resulting from the alleged lack of medicine for two days. *See Oxendine*, 241 F.3d at 1276 (noting that "delay in medical care only constitutes an Eighth Amendment violation where the plaintiff can show that the delay resulted in substantial harm") (internal quotation marks and brackets omitted). Further, Plaintiff failed to exhaust his administrative remedies by not filing any grievances, and he failed to state sufficient facts to support his claims of conspiracy and retaliation.

Accordingly, we AFFIRM the judgment of the district court. We also GRANT Plaintiff's request to proceed *in forma pauperis* and remind Plaintiff to continue making partial payments until the entire balance of the appellate filing fee is paid.

Entered for the Court


Wade Brorby
Senior Circuit Judge